James Lee **ARGO**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 72–1136.

United States Court of Appeals,
Ninth Circuit.

Feb. 5, 1973.

Certiorari Denied May 21, 1973.
See 93 S.Ct. 2298.

Michael A. Bosco, Jr. (argued), of Bosco, Goldman & Kaplan, Phoenix, Ariz., for petitioner-appellant.

James P. Lass, Asst. U. S. Atty. (argued), Morton Sitver, Asst. U. S. Atty., William C. Smitherman, U. S. Atty., Phoenix, Ariz., for respondent-appellee.

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and ZIRPOLI, District Judge.*

ZIRPOLI, District Judge.

In 1965 appellant was convicted for violating 18 U.S.C. § 2113(d), assault with a dangerous weapon in the course of a bank robbery, and this court affirmed. Argo v. United States, 378 F.2d 301 (9th Cir. 1967), cert. denied 390 U. S. 907, 88 S.Ct. 823, 19 L.Ed.2d 874 (1968). Following the affirmance of his conviction on direct appeal, appellant instituted this collateral proceeding pursuant to 28 U.S.C. § 2255, raising various grounds that appellant claims justify vacating his conviction. At a pretrial conference the trial court disposed of several of appellant's claimed grounds for relief by ruling that, as matters of law, such grounds do not entitle him to the relief he seeks. Thereafter, the court held a two-day evidentiary hearing and, following appellant's motion to reopen, held an additional day of hearing. Prior to the second hearing, the court authorized the production of witnesses and employment of investigative services for petitioner at government expense. After allowing argument from each side, the court denied the § 2255 motion.

The first claim raised in this appeal is that appellant was denied a fair trial at the time of his conviction, because during his trial: (1) appellant was charged with and the jury convicted him of violating both subsections (a) and (d) of 18 U.S.C. § 2113; (2) appellant's attorney stated his willingness to withdraw from the case before the panel of prospective jurors; and (3) following the request of appellant's counsel that the trial be recessed so that he could talk to certain witnesses, the judge told the jury that the trial would be recessed for that purpose, and no defense witnesses were actually called. It was perfectly proper to charge appellant with violating both subsections (a) and (d) of § 2113, and to submit both counts of the indictment to the jury. Although it was technically improper to convict appellant of both charges, it was not prejudicial error. See Bayless v. United States, 347 F.2d 354, 356 (9th Cir. 1965). Nor did any prejudice result from the attorney's offer to withdraw. In context, it is clear that the attorney was simply replying to appellant's preceding comment that the attorney would not subpoena certain witnesses as appellant desired. This court cannot assume that the jury drew any conclusion concerning appellant's guilt from the fact that he and his attorney had a disagreement, and that, as a result, the attorney was willing to withdraw if that were appellant's wish. Similarly, in view of the overwhelming evidence of appellant's guilt, the court cannot assume that the attorney's and judge's comments concerning the reason for the recess so prejudiced appellant's case before the jury that he was denied the substance of a fair trial and convicted without due process of the laws.

---

* The Honorable Alfonso J. Zirpoli, United States District Judge for the Northern District of California, sitting by designation.

The second claim appellant raises is that the trial court erred when it denied appellant's motion that the government produce various information, including all information uncovered in preparing for this proceeding. Pretrial discovery may be employed in the course of a § 2255 hearing to the extent that the trial judge, in the sound exercise of his discretion, permits. *See* Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969); Wagner v. United States, 418 F.2d 618, 621 (9th Cir. 1969). No abuse of discretion has been shown in this case; although appellant was denied some of the fruits of the government's investigation, he was provided with government funds for such investigatory work as he deemed necessary.

Appellant's third claim is that he did not receive adequate representation at his initial trial. This issue was considered on direct appeal and decided against appellant. 378 F.2d 303–304. Although several additional claimed errors of trial counsel are noted in the present motion, the record still does not indicate that appellant was without competent representation. *See* Dalrymple v. Wilson, 366 F.2d 183, 185 (9th Cir. 1966); Peek v. United States, 321 F.2d 934 (9th Cir. 1963), cert. denied, 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973 (1964).

The fourth claim appellant raises is that the original warrant for arrest was issued without an adequate showing of probable cause on the face of the complaint. Regardless of the validity of the warrant, there clearly was probable cause for appellant's arrest at the time he was taken into custody. The FBI agents who made the decision to arrest him knew that appellant had been implicated in the confession of his co-felon, Turner, that a photograph of appellant had been identified by one of the bank tellers, and that substantial evidence connected appellant with the car used in the robbery. Thus, the arrest was, in any case, lawful. *See* Bell v. United States, 371 F.2d 35 (9th Cir.), cert. denied, 386 U.S. 1040, 87 S.Ct. 1498, 18 L. Ed.2d 608 (1967).

Appellant's final claim is that the lower court improperly held that, as a matter of law, appellant could not relitigate the validity of searches conducted at Las Vegas and Phoenix. Both these searches were held to be lawful by this court on direct appeal. 378 F.2d 302, 303. Thus, these questions cannot be relitigated except to the extent appellant proffered new evidence. Vargas v. United States, 455 F.2d 501 (9th Cir. 1972); Murgia v. United States, 448 F. 2d 1275 (9th Cir. 1971). Neither in his Amended Motion nor at the pre-trial, when the challenged rulings were argued, did appellant offer any new evidence that would alter this court's prior holding that the Las Vegas search was a lawful search incident to a valid arrest. The proffered new evidence concerning the Phoenix search at most suggests that the search was made in violation of the landlord's rights, but, because appellant lacks standing to raise this issue, the evidence was still admissible to prove appellant's guilt.

Affirmed.