Gregory L. Attruia-Hartwell, Rough and Ready, Cal., for petitioner-appellant.

Allan S. Haley, Nevada City, Cal., for real party in interest-appellee.

James E. DREMANN, Petitioner-Appellant,

v.

Frank FRANCIS; People of California, Respondents-Appellees.

No. 86–2638.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 1987.

Decided Sept. 18, 1987.

Before KOELSCH, WALLACE and KENNEDY, Circuit Judges.

PER CURIAM:

Dremann appeals the district court's dismissal of his habeas corpus petition for want of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

I

Dremann is an attorney who has been admitted to practice in California for thirteen years. He was cited for contempt by a California state trial judge for ignoring a court order to limit the scope of cross-examination of a witness in a criminal case Dremann was defending. Following an evidentiary hearing, Dremann was sentenced to pay a fine of $500. Although the California Appellate and Supreme Courts denied review of the contempt citation, Dremann refused to pay the fine. The California trial court then held a second hearing,

in which it found that Dremann's refusal to pay was willful, and ordered him confined in jail for the lesser of three days or until he paid his fine. This order was stayed to give Dremann an opportunity to pursue a writ of habeas corpus.

After the California Supreme Court denied Dremann's petition for a writ of habeas corpus, Dremann sought federal habeas corpus relief in federal district court pursuant to 28 U.S.C. § 2254. The district court dismissed the action for lack of subject matter jurisdiction, ruling that a state court sentence originally requiring only the payment of a fine was insufficient to meet the "in custody" requirement of section 2254. Dremann timely appealed.

## II

■ We review a dismissal for lack of subject matter jurisdiction de novo. *Redding Ford v. California State Board of Equalization*, 722 F.2d 496, 497 (9th Cir. 1983), *cert. denied*, 469 U.S. 817, 105 S.Ct. 84, 83 L.Ed.2d 31 (1984). The federal habeas corpus statute, 28 U.S.C. § 2254, gives federal courts jurisdiction to entertain habeas corpus petitions from individuals who are "in custody" pursuant to a state court judgment. In general, a criminal sentence requiring only the payment of a fine is not considered sufficient restraint on an individual's liberty to meet the "in custody" requirement. *See, e.g., Edmunds v. Won Bae Chang*, 509 F.2d 39, 41 (9th Cir.), *cert. denied*, 423 U.S. 825, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975). While every criminal fine raises the possibility of confinement if not paid, such potential confinement is considered too speculative to warrant federal habeas corpus protection. *Id.*

■ This case is slightly different from the usual "fine only" situation. Dremann's willful refusal to pay the fine originally imposed has subsequently put him in a position of possible imminent incarceration.

The Fifth Circuit faced the same situation in *Spring v. Caldwell*, 692 F.2d 994 (5th Cir.1982) (*Spring*). There, the court ruled that the potential for incarceration created when a defendant refused to pay a "fine only" sentence was insufficient to meet the "in custody" requirement of section 2254. Relying on *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), the court outlined a three-part analysis. First, the court pointed out that because the defendant's initial sentence imposed only a fine, there were "no conditions or restraints on [the defendant's] liberty arising out of the sentence imposed." *Spring*, 692 F.2d at 998. Second, the defendant's incarceration did "not depend on a number of factors over which [the defendant] had no control," because the defendant had the choice of whether to pay the fine or go to jail. *Id.* Finally, dismissing the defendant's action in *Spring* did not necessarily "result in mere postponement of the habeas hearing" because there would be no incarceration if the defendant pays the fine. *Id.*

This analysis is equally applicable to this case. First, Dremann's original sentence had no provision for incarceration. That possibility only arose after Dremann willfully refused to pay the original fine. Second, Dremann faces incarceration only if he refuses to pay the fine. Therefore, like the defendant in *Spring*, Dremann "truly holds the keys to the jailhouse door." *Id.* Finally, as in *Spring*, dismissing this action is not futile because our ruling will not necessarily "result in mere postponement of the habeas hearing." *Id.* Dremann has not alleged that he is indigent or otherwise unable to pay the fine. Therefore, Dremann's incarceration is far from "imminent," but rather is still highly speculative, despite the threatened three-day sentence.

Dremann is not currently incarcerated, and will be incarcerated only if he willfully refuses to pay the original $500 fine. Under these facts, we agree with the court in *Spring* that Dremann is not "in custody" for purposes of section 2254. Therefore, we affirm the district court's dismissal for lack of subject matter jurisdiction.

AFFIRMED.