Alfred Y.K. AU, Plaintiff,

v.

STATE OF HAWAII, Defendant.

Civ. No. 88-0922.

United States District Court,
D. Hawaii.

April 12, 1989.

Alfred Y.K. Au, Honolulu, Hawaii, pro
se.

Warren Price, III, Ann V. Burns, Deputy
Atty. Gen., Honolulu, Hawaii, for defendant.

## ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

KAY, District Judge.

Plaintiff Au brought this action against
the State of Hawaii alleging violations of
his due process rights in a state criminal
prosecution in which he was the defendant.
In this proceeding, defendant State of Hawaii moves to dismiss the action.

### I. BACKGROUND

Plaintiff Au was charged and convicted
of maintaining an unsafe building in violation of Revised Ordinances of Honolulu
Section 16–1.1(3). Upon conviction of this
misdemeanor, Au was assessed a $1,000
fine to be suspended upon demolition of the
building. On appeal from the state trial
court, the Hawaii Supreme Court affirmed
the misdemeanor conviction.

Au alleges here that he was denied the
due process guaranteed by the Fifth and
Fourteenth Amendments in the state proceedings because certain "exculpatory evidence" was not admitted. Au requests
that this Court protect his rights "through
a fair and proper adjudication of the exculpatory facts and evidences willfully excluded...." There is no claim for damages.

Defendant State of Hawaii moves for
dismissal on several grounds. First, defendant contends that the complaint should be

dismissed pursuant to Fed.R.Civ.P. 12(b)(5) for insufficiency of process. Second, defendant states that this Court lacks subject matter jurisdiction to adjudicate the claim since, under the Eleventh Amendment to the United States Constitution, the State of Hawaii is absolutely immune from suits of this nature. Third, defendant contends that this action is barred by the doctrine of res judicata. Finally, defendant states that this Court lacks subject matter jurisdiction to review state court judgments.

## II. ANALYSIS

### A. *REVIEW OF STATE COURT JUDGMENT*

■ Plaintiff Au states that he seeks "the Constitutional protection of his rights from this Court through a fair and proper adjudication of the exculpatory facts and evidences willfully excluded...." Furthermore, he seeks no damages. Thus, it appears that Au may be seeking appellate review of the state criminal proceedings in this Court. However, only the United States Supreme Court is empowered by 28 U.S.C. § 1257 to review state court judgments. "Federal district courts, as courts of *original* jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts." *MacKay v. Pfeil,* 827 F.2d 540, 543 (9th Cir.1987) (citing *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 296, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970)). Thus, if Au's action in this Court is construed as an appeal from the state court judgment, it must be dismissed for lack of subject matter jurisdiction.

### B. *HABEAS CORPUS RELIEF*

■ Au's complaint might also be construed as a petition for habeas corpus relief under 28 U.S.C. § 2254. However, the complaint is not in the form of a petition for a writ of habeas corpus, and the jurisdiction of this Court is expressly premised on 28 U.S.C. § 1331 rather than on 28 U.S.C. § 2254.

Moreover, while § 2254 gives federal courts jurisdiction to entertain habeas corpus petitions from individuals who are "in custody" pursuant to a state court judgment, Au is not "in custody" within the meaning of the statute. The penalty imposed on Au for his misdemeanor violation was a $1,000 fine to be suspended upon demolition of the building. The Ninth Circuit has held that "[i]n general, a criminal sentence requiring only the payment of a fine is not considered sufficient restraint on an individual's liberty to meet the 'in custody' requirement. While every criminal fine raises the possibility of confinement if not paid, such potential confinement is considered too speculative to warrant federal habeas corpus protection." *Dremann v. Francis,* 828 F.2d 6, 7 (9th Cir.1987) (citations omitted).

Thus, if Au's action in this Court is construed as a petition for habeas corpus relief, it must again be dismissed for lack of subject matter jurisdiction.

### C. *CIVIL RIGHTS ACTION*

■ Au's current action is most reasonably construed as a claim under 42 U.S.C. § 1983 based on the alleged violation of his civil rights arising out of his criminal prosecution.

The State argues that this Court does not have subject matter jurisdiction to entertain a § 1983 action since the State of Hawaii is absolutely immune from such suits under the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Thus, " 'the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given: not one brought by citizens of another State, or by citizens or subjects of a foreign State ... and not even one brought by its own citizens....' " *Penn-*

*hurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984) (quoting *Ex parte State of New York,* 256 U.S. 490, 497, 41 S.Ct. 588, 589, 65 L.Ed. 1057 (1921)).

There are, of course, certain well established exceptions to the reach of the Eleventh Amendment. For example, "when acting pursuant to § 5 of the Fourteenth Amendment, Congress can abrogate the Eleventh Amendment without the States' consent." *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985) (citing *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976)). However, while Congress has the power with respect to the rights protected by the Fourteenth Amendment to abrogate the States' Eleventh Amendment immunity, the Supreme Court has held that this immunity was not abrogated by Congress when it enacted 42 U.S.C. § 1983. *Pennhurst,* 465 U.S. at 99, 104 S.Ct. at 907 (citing *Quern v. Jordan,* 440 U.S. 332, 342, 99 S.Ct. 1139, 1146, 59 L.Ed.2d 358 (1979)).

Another exception to the reach of the Eleventh Amendment is that "if a State waives its immunity and consents to suit in a federal court, the Eleventh Amendment does not bar the action." *Atascadero,* 473 U.S. at 238, 105 S.Ct. at 3145. However, a State will be held to have waived its immunity only where expressly stated by law or by such overwhelming implication from the text of the law as to leave no room for any other reasonable construction. *Atascadero,* 473 U.S. at 239–40, 105 S.Ct. at 3146 (citing *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974)).

Plaintiff argues that Hawaii Revised Statute § 662–2, the so-called State Tort Liability Act, is such a waiver of the State's Eleventh Amendment immunity in this case. § 662–2 provides:

> Waiver and liability of State. The State hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable

for interest prior to judgment or for punitive damages.

However, in *Figueroa v. State,* 61 Haw. 369, 383–84, 604 P.2d 1198, 1206–07 (1979) the Supreme Court of Hawaii held that the effect of the § 662–2 "is to waive immunity from traditionally recognized common law causes of action in tort, other than those expressly excluded. It was not intended to visit the sovereign with novel liabilities." Accordingly, the Hawaii Supreme Court found "no provision in the State Tort Liability Act that expressly makes the State liable in money damages for constitutional violations." *Figueroa v. State,* 61 Haw. at 383–84, 604 P.2d at 1206–07.

It is clear from the opinion of the Supreme Court of Hawaii, that Hawaii's State Tort Liability Act is not an express waiver of the State's Eleventh Amendment immunity from civil rights suits. Thus, if Au's claim in this Court is construed as a § 1983 civil rights action, it must again be dismissed for lack of subject matter jurisdiction.

In addition to the defense of Eleventh Amendment immunity, the defendant has raised the defenses of insufficiency of process and res judicata. However, those defenses are not addressed here since it is clear that, regardless of how Au's complaint is construed, this Court lacks subject matter jurisdiction to hear the case.

### III. CONCLUSION

Whether Au's complaint is construed as an appeal from the state criminal proceedings, a petition for a writ of habeas corpus, or a § 1983 civil rights action, this Court lacks subject matter jurisdiction to entertain the action. Accordingly, pursuant to Fed.R.Civ.P. 12(b)(1),

IT IS HEREBY ORDERED that the complaint is DISMISSED.