UNITED STATES, Appellee,

v.

Hubert MICHAUD,
Defendant, Appellant.

No. 89–2007.

United States Court of Appeals,
First Circuit.

Submitted Jan. 24, 1990.

Decided April 9, 1990.

**6**

Hubert Michaud, on brief, pro se.

Jeffrey R. Howard, U.S. Atty., Shirley D. Peterson, Asst. Atty. Gen., Robert E. Lindsay, Alan Hechtkopf and Gail Brodfuehrer, Tax Div., Dept. of Justice, on brief, for appellee.

Before TORRUELLA, SELYA and CYR, Circuit Judges.

PER CURIAM.

Hubert Michaud appeals the district court's denial of his pro se motion under 28 U.S.C. § 2255 in which he sought relief from a 1988 conviction on two counts of income tax evasion. Michaud's trial counsel appealed the conviction, which was affirmed. *See United States v. Michaud,* 860 F.2d 495 (1st Cir.1988). Shortly after the appeal was decided, the confinement portion of Michaud's sentence was reduced to time served. He was released on December 22, 1988 after completing approximately nine months of the eighteen month sentence. A $60,000 fine appears to remain outstanding.

In August 1989 Michaud filed the present motion. The principal allegation is that one of his three trial counsel was employed in a teaching capacity by the Internal Revenue Service prior to and during the trial. Michaud claims that counsel did not disclose that fact until long after the trial was concluded. He asserts that such an inherent conflict of interest, in addition to ineffective assistance of counsel, deprived him of his right to a fair trial.

We note that certain other claims raised in the § 2255 motion were decided on direct appeal and may not be relitigated under a different label on collateral review. *Tracey v. United States,* 739 F.2d 679, 682 (1st Cir.1984), *cert. denied,* 469 U.S. 1109, 105 S.Ct. 787, 83 L.Ed.2d 781 (1985); *Robson v. United States,* 526 F.2d 1145, 1147 (1st Cir.1975).

The government's opposition to the § 2255 motion stated that because Michaud had completely served the sentence imposed and was not under probation, parole, or continuing supervision, the petitioner was not "in custody" and thus not entitled to § 2255 relief. The district court summarily denied the motion which we construe as a denial for lack of subject matter jurisdiction.

The appellant concedes that he was not in actual custody when the § 2255 motion was filed. He argues, first, that he remains legally restrained because of the $60,000 fine he still owes the government. Such indebtedness he says, subjects him to potential further incarceration. Second, he contends that his case is not moot because he continues to suffer adverse collateral consequences from the conviction. The appellant is in error on both counts. Mootness resolves the question of what relief can be granted and only comes into play once jurisdictional requirements have been satisfied. Since custody, the essential statutory ingredient for initial jurisdiction, did not exist when the proceeding below commenced, § 2255 jurisdiction could not and did not attach. Cf. *Carafas v. LaVallee,* 391 U.S. 234, 237–38, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968). As the United States Supreme Court has made plain,

> (O)nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it.

*Maleng v. Cook,* — U.S. —, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989). The Court observed that although it has liberally construed the custody requirement in federal habeas cases, it has never been extended to a situation where a petitioner suffers no present restraint from a convic-

tion. *Id.* While *Maleng*, like *Carafas*, involved a habeas corpus attack on a state conviction, the "in custody" requirement of an actual restraint on liberty applies equally to proceedings under § 2254 and § 2255.

A monetary fine is not a sufficient restraint on liberty to meet the "in custody" requirement for § 2255 purposes. *Lillios v. State of New Hampshire*, 788 F.2d 60, 61 (1st Cir.1986); *see also, Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir.1987). Michaud does not allege that he is unable to pay the fine. Nor does potential future incarceration for failure to pay such a fine provide the requisite subject matter jurisdiction. *See Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir.1987); *Spring v. Caldwell*, 692 F.2d 994, 999 (5th Cir.1982) (outstanding arrest warrant for failure to pay fine not a restraint on liberty). Consequently, we conclude that Michaud had no standing to seek § 2255 relief. The district court was correct as a matter of law in entering a summary denial.

Finally, although the appellant's reply brief with accompanying affidavit argues, inter alia, that his situation presents sufficient adverse consequences under Article III to have entitled him to coram nobis relief, that theory was not presented to the district court. We refuse to consider matters which the district court has not first examined. *Clauson v. Smith*, 823 F.2d 660, 666 (1st Cir.1987); *United States v. Valencia–Copete*, 792 F.2d 4, 5 (1st Cir. 1986). Of course, nothing in our affirmance would preclude future efforts to obtain coram nobis relief (but we intimate no view as to the merit, if any, of such a maneuver).

Affirmed.