968 F.2d 1210
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES OF AMERICA, Plaintiff, Appellee,
v.
Guiseppe PELLERITO, Defendant, Appellant.
 No. 92-1159.
 United States Court of Appeals,
First Circuit.
 July 20, 1992
 
 Robert W. Odasz on brief for appellant.
 Daniel F. Lopez-Romo, United States Attorney, Robert S. Mueller, III, Assistant Attorney General, Mary Lee Warren, Bruce A. Pagel, Hope P. McGowan, and Marietta I. Geckos, U. S. Department of Justice, on brief for appellee.
 Before Selya, Cyr, and Boudin, Circuit Judge s.
 Per Curiam.
 
 
 1
 Giuseppe Pellerito filed a petition in the district court, pursuant to 28 U.S.C. § 2255, to vacate his earlier guilty plea in a drug conspiracy case. The gist of his claim was that his plea had been induced by ineffective assistance of counsel. The district court, having heard and rejected similar arguments by Pellerito three years ago, denied the petition without an evidentiary hearing, and Pellerito appeals. We affirm.
 
 
 2
 The background facts can be stated briefly. Together with more than 30 co-defendants, Pellerito was indicted in 1988 for conspiring to distribute heroin as part of a major drug distribution ring. Many defendants pled but Pellerito and one co-defendant went to trial on June 6, 1988. On the following day, Pellerito reached agreement with the government and entered a guilty plea to the single count charged against him, and his co-defendant entered a guilty plea on June 8. Pellerito's decision was prompted in part by government evidence that threatened Pellerito with a possible life sentence; the plea agreement capped his exposure at 20 years with a promised recommendation by the prosecutor of 18 years.
 
 
 3
 Eight weeks later, long after the jury had been discharged and the government had released its witnesses, Pellerito (now represented by new counsel) filed a motion prior to his sentencing seeking to withdraw his guilty plea. Fed. R. Crim. P. 32(d). Pellerito urged as the basis for withdrawing his guilty plea that Ivan Fisher, his trial counsel until shortly before the guilty plea, had been inadequately prepared, and that Emanuel Moore, who took over the defense shortly before trial, had lacked time to prepare. After hearing testimony from both attorneys among others, the district judge denied the motion and later filed an extensive opinion. United States v. Pellerito, 701 F. Supp. 279 (D.P.R. 1988). Pellerito was sentenced to 18 years in prison.
 
 
 4
 Pertinently, in its decision the district court found that Fisher and another lawyer who worked with him on the case had not been shown to be inadequate: they had devoted time to preparing the case, had filed motions, and had conferred with Pellerito on a number of occasions. As for Moore, he had entered the case only shortly before trial at Pellerito's own request after Pellerito sought to replace Fisher, but Moore was an experienced criminal trial attorney, had a former United States Attorney as local counsel and had some prior familiarity with the case. Moore had also assured the trial court that he was ready for trial. On appeal this court affirmed the district court's refusal to allow withdrawal of the guilty plea by Pellerito. United States v. Pellerito, 878 F.2d 1535 (1st Cir. 1989).
 
 
 5
 On July 10, 1991, the present section 2255 action was filed, Pellerito being represented by yet another attorney. In substance, Pellerito now claims that both Fisher and Moore provided inadequate representation and that this circumstance vitiated his guilty plea. Pellerito argues for the first time that Fisher was himself under investigation for federal tax law violations at the time he represented Pellerito; and this, it is alleged, distracted Fisher from preparation and even created a conflict of interest. Moore himself has now furnished an affidavit asserting that, on reflection, he believes that he was not adequately prepared for trial in June 1988. Pellerito also suggests (in an argument not made to the district court) that Mario Malerba, counsel for Pellerito's co-defendant, assisted Pellerito in connection with the plea agreement but had a conflict of interest never properly examined. In an unpublished opinion, the district court denied the section 2255 motion without an evidentiary hearing, and Pellerito now seeks review in this court.
 
 
 6
 At the outset, the government contends that the merits need not be reached. It says that Pellerito's present motion merely reasserts a claim of ineffective assistance of counsel that this court reviewed and rejected in 1989 on Pellerito's prior appeal. Correctly, the government points out that an issue previously settled on direct appeal cannot be revived by a collateral attack under section 2255. United States v. Butt, 731 F.2d 75, 76 n.1 (1st Cir. 1984); Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967). On the other hand, this bar obviously does not apply to a new issue and in addition the bar may be relaxed in certain circumstances, notably where a defendant relies upon substantial new evidence that he had no prior opportunity to present even though it concerns an issue already addressed. See, e.g., Giacalone v. United States, 739 F.2d 40, 42-43 (2d Cir. 1984); Argo v. United States, 473 F.2d 1315, 1317 (9th Cir.), cert. denied, 412 U.S. 906 (1973).
 
 
 7
 At least two of Pellerito's three main points arguably pass muster under these cases. The attack on Fisher, although the ineffective assistance of counsel label is unchanged, is now supported with new facts concerning the tax investigation of Fisher himself. By contrast, the Moore affidavit adds almost nothing of importance and, standing alone, would warrant a summary denial of the motion; but the charges against the two lawyers overlap in some measure and, to present a complete picture, it is convenient to address them both. As for Malerba, Pellerito's claim appears to be newly conceived and was not discussed in the earlier appeal. We turn therefore to the question whether any of the allegations warrants an evidentiary hearing and conclude that none does.
 
 
 8
 It is familiar law that an evidentiary hearing is not automatically required for a section 2255 petition. Rather, the petitioner needs to allege facts that, if established by evidence, would justify relief. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985). (Even then, no hearing is required where the motion's allegations are patently incredible or are conclusively disproven by the record. United States v. Butt, 731 F.2d at 77; Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)). What facts would warrant relief is, of course, a matter of substantive law. Where a collateral attack is made upon a guilty plea based on ineffective assistance of counsel, the Supreme Court has instructed us that two things need to be shown: that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that "but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).
 
 
 9
 Starting with Pellerito's charges against Fisher, there was indeed a federal investigation of him that apparently ended in 1989 with Fisher pleading guilty to three misdemeanor counts. While the investigation must have been a major concern to Fisher, the district court in its prior proceeding in August 1988 listened to Fisher testify, reviewed his case preparation, and concluded that his representation of Pellerito had been adequate. United States v. Pellerito, 701 F. Supp. at 287-88, 291-92. Whatever distraction the federal tax investigation may have caused, the ultimate test of adequate representation was what Fisher did. That issue the district court has previously explored and laid to rest. Pellerito's failure to establish that any colorable defense was overlooked in 1988, a point discussed below, makes the inadequate representation charge even less plausible.
 
 
 10
 Two side issues relating to Fisher require less comment. Pellerito's new claim that Fisher had a conflict of interest because of the federal tax investigation takes him nowhere. Even assuming that Fisher had an interest in pleasing the federal prosecutor in Pellerito's case-which is something of a leap-it was Moore and not Fisher who superintended Pellerito's plea agreement. Pellerito also complains that Fisher, having been supplanted by Moore at Pellerito's insistence, failed to appear in court when Pellerito's guilty plea was taken under Fed. R. Crim. P. 11. Pellerito's colloquy with the district court at the time of the plea makes clear that Pellerito was satisfied with Moore and his local counsel and waived Fisher's presence. 701 F. Supp. at 283.
 
 
 11
 Turning to Moore, the claim that Moore was unprepared for trial was also reviewed and rejected by the district court when it declined in 1988 to allow withdrawal of the guilty plea. 701 F. Supp. at 292-93. Moore's hindsight affidavit statement that he was not prepared, contradicting his assurance to the trial judge in June 1988 that he was ready for trial, deserves little weight absent new information, and the affidavit offers nothing significant. Moore now says that he was retained only one day before trial, rather than four days (as he stated in 1988), but the testimony taken in 1988 shows that he conferred with Pellerito and began work four days before trial even though he was formally retained only on the day before trial. 701 F. Supp. at 289. Moore's local counsel, the former United States Attorney, has also filed an affidavit saying that he himself was not prepared to try the case in 1988, but of course he was never expected to do so.
 
 
 12
 In all events, it is independently fatal to Pellerito's claim of constitutional error-whether directed against Fisher's representation or Moore's-that no one has demonstrated that a substantial defense was overlooked in 1988. We are now told in fairly general terms that a motion should have been filed to suppress incriminating tapes and that much of the tape evidence against Pellerito could have been explained away. But there is no showing that any valid ground of suppression was available, nor do sketchy assertions that the tapes could have been interpreted innocently even begin to demonstrate that Pellerito had a serious defense. Such claims by Pellerito are conclusions rather than allegations of fact requiring a hearing. See Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989).
 
 
 13
 Given the lack of a plausible defense, Pellerito could not prevail on his claim even if he could show that counsel was inadequate. Under the two-pronged requirement of Hill v. Lockhart, Pellerito must also allege facts that, if proved, create a "reasonable probability" that adequate counsel would have led Pellerito not to plead guilty. 474 U.S. at 59. See also United States v. Ramos, 810 F.2d 308, 314 (1st Cir. 1987). No such probability has been shown in this case where Pellerito had ample incentive to plead guilty in 1988 (the exposure to a life sentence if he went to trial) and even today he cannot point to a plausible defense.
 
 
 14
 Finally, we turn to Pellerito's new allegation that he relied heavily in deciding to plead on help from Mario Malerba, counsel for Pellerito's co-defendant who was also negotiating a plea. This, says Pellerito, was de facto dual representation with a potential for conflict of interest between the clients; the threat of conflict was never explored by the trial judge under Fed. R. Civ. P. 44(c) (see United States v. Mari, 526 F.2d 117 (2d Cir. 1975), cert. denied, 429 U.S. 941 (1976)); and the co-defendant in fact received a lighter sentence. Since this argument was not made to the district court it would normally be foreclosed on appeal (United States v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990)), and it might be foreclosed in any event for failure to raise it at the time of the motion to withdraw the guilty plea and the original appeal, absent a showing of good cause for this failure. United States v. Frady, 456 U.S. 152, 167 (1982).
 
 
 15
 In any event, the claim is answered by Cuyler v. Sullivan, 446 U.S. 335, 350, (1980), quoted by the district court in another connection: "[T]he possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." Plainly, the mere fact of a different sentence for a co-defendant, whose role, criminal history and other characteristics may be quite different, does not even begin to suggest "an actual conflict of interest adversely affect[ing]" Malerba's performance in whatever help he provided to Pellerito.
 
 
 16
 The district court's judgment is summarily affirmed pursuant to Local Rule 27.1.