51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Andrew LESLIE, Plaintiff-Appellant,
v.
CITY PROSECUTOR OF LONG BEACH; Long Beach Police
Department, Defendants-Appellees.
 No. 94-55201.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1994.*
Decided March 30, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Leslie ("Leslie"), a former state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights action seeking a reversal of his state court conviction. Leslie contends that the district court erred by concluding that his claim was time-barred.
 
 
 3
 * Leslie was convicted in California state court in September, 1986 for prescribing controlled substances without medical need and criminal excessive prescribing. After his conviction, Leslie filed several habeas corpus petitions with the California Supreme Court seeking a reversal of his conviction. Apparently, all of these petitions were dismissed for failure to exhaust his appeals and eventually because Leslie was no longer in custody. Leslie then sought federal habeas relief, but his petition was denied because he was no longer in custody. Finally, Leslie sought relief by writ of coram nobis to the California Supreme Court and the federal district court. Both writs were denied.
 
 
 4
 On November 8, 1993, Leslie filed this 42 U.S.C. Sec. 1983 action in the federal district court for the Central District of California. Leslie alleged that the City Prosecutor of Long Beach and the Long Beach City Police Department ("defendants") deprived him of his liberty and property by procuring a criminal conviction against him by illegal means. Specifically, Leslie alleged that: (1) there was no probable cause for his arrest; (2) false evidence was used at his trial; (3) the prosecution destroyed exculpatory evidence; (4) several witnesses perjured themselves; and (5) illegal wiretap evidence was introduced at his trial.
 
 
 5
 On November 22, 1993, defendants moved to dismiss Leslie's complaint under Fed.R.Civ.P. 12(b)(6). Defendants alleged that Leslie was attempting to relitigate his conviction and, in the alternative, that his Sec. 1983 action is barred by the statute of limitation. In opposition, Leslie argued that the limitation period of the statute was tolled by his filing of habeas petitions or as a result of defendants' fraudulent concealment. In the alternative, Leslie argued that the action did not accrue until November, 1993.
 
 
 6
 On December 20, 1993, the district court dismissed Leslie's complaint as barred by the statute of limitation. On December 28, 1993, Leslie moved for reconsideration asserting that the district court made erroneous legal conclusions. The district court denied Leslie's motion for reconsideration on January 21, 1994. On January 26, 1994, Leslie filed this timely appeal from the district court's dismissal.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 II
 
 7
 We agree with the district court's dismissal of Leslie's complaint, but disagree with the basis for the district court's decision. The district court should have dismissed for lack of subject-matter jurisdiction. We are obliged to raise issues concerning subject-matter jurisdiction sua sponte, Benavidez v. Eu, 34 F.3d 825, 830 (9th Cir.1994), and we review de novo the existence of subject-matter jurisdiction in the district court, Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989).
 
 
 8
 Federal district courts, as courts of original jurisdiction, have no authority to review the final judgments of state courts. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986). Rather, the United States Supreme Court is the appropriate forum in which to obtain such a review. Worldwide Church of God, 805 F.2d at 890. "This doctrine applies even when the challenge to the state court decision involves federal constitutional issues." Id. at 891.
 
 
 9
 Federal courts may assert subject-matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. Sec. 2254, in order to entertain habeas petitions from individuals who are in custody pursuant to a state court judgment. Dremann v. Francis, 828 F.2d 6, 7 (9th Cir.1987). A pro se Sec. 1983 complaint challenging the fact or duration of a conviction may be construed as a habeas petition under certain circumstances. See Trimble v. City of Santa Rosa, No. 94-15567, slip op. 2645, 2651 (9th Cir. March 9, 1995); Franklin v. Oregon, 662 F.2d 1337, 1347 n. 13 (9th Cir.1981). However, if the complainant is no longer in custody, it is inappropriate to construe the claim as a habeas petition. See Sperl v. Deukmejian, 642 F.2d 1154, 1155 (9th Cir.1981). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Brock v. Weston, 31 F.3d 887, 889 (9th Cir.1994) (quoting Maleng v. Cook, 490 U.S. 488, 492 (1989)).
 
 
 10
 Leslie brought a Sec. 1983 claim essentially seeking a declaratory judgment reversing his state court criminal conviction. Leslie claims that the defendants deprived him of his liberty and property by procuring a criminal conviction against him by illegal means. The district court cannot evaluate such a claim without conducting a review of the state court's judgment. See Worldwide Church of God, 805 F.2d at 892-93. Because Leslie's Sec. 1983 claim is tantamount to asking the district court to exercise appellate review over the state court's decision, the district court lacks subject-matter jurisdiction. Id.; see Sperl, 642 F.2d at 1154 ("Declaratory relief is not available in federal court to attack a state criminal conviction."). Furthermore, because Leslie is no longer in custody, his claim cannot be construed as a habeas petition which could overcome the jurisdictional bar. See id. at 1155.
 
 III
 
 11
 We vacate the district court's dismissal on the statute of limitation ground and remand with instructions to dismiss for lack of subject-matter jurisdiction.
 
 
 12
 Vacated and Remanded.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We deny Leslie's motion to augment the record on appeal. See Fed.R.App.P. 10(a); United States v. Sanchez-Lopez, 879 F.2d 541, 548 (9th Cir.1989) (exhibits and papers not filed with the district court or admitted into evidence are not part of the appellate record)