Finley v. USA                          CV-95-610-JD  02/26/96

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Larry C. Finley

   v.                                         Civil No. 95-610-JD

United States of America


O R D E R


The petitioner has moved pursuant to 28 U.S.C. § 2255 to reduce the fine that was imposed as part of his sentence.  After pleading guilty to a one count information charging him with conspiracy to obstruct justice, the petitioner was sentenced on September 15, 1995, to serve ten months in prison, to pay a punitive fine in the amount of $50,000, and to pay costs of incarceration and supervision in the amount of $24,824.10.  The court determined that based on the guideline range, the defendant was subject to a fine ranging from $1,000 to $10,000.  The court departed upward with respect to the fine under U.S.S.G. § 5E1.2, Application Note 4, on the ground that a fine within the guideline range of $1,000 to $10,000 would not provide an adequate punitive fine under the circumstances of the case.  The petitioner, who was represented by counsel, did not avail himself of his right to appeal the sentence.

In the first instance, the court rules that the petitioner cannot avail himself of § 2255 since the relief that he seeks is

a reduction in his fine. While he is "in custody" under a sentence of incarceration, he does not challenge his incarceration and is not "claiming the right to be released" as required by § 2255. The fact that he is under sentence to pay a monetary fine does not result in a restraint on his liberty sufficient to meet the "in custody" requirement of § 2255. See United States v. Watroba, 56 F.3d 28 (6th Cir. 1995); United States v. Segler, 37 F.3d 1131 (5th Cir. 1994); and United States v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990) (while defendant not in custody at time petition brought court stated that "A monetary fine is not a sufficient restraint on liberty to meet the `in custody' requirement for § 2255 purposes."). Therefore, the petition must be dismissed on the ground that under § 2255 the court does not have jurisdiction over the subject matter.

Even if it is assumed that the court has subject matter jurisdiction, the petition must still be dismissed. In Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994), the court stated:

> 28 U.S.C. § 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: "(1) `that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) `that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence `is otherwise subject to collateral attack.'" Hill v. United States, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 (1962) (quoting the statute).

2

The petitioner has not alleged any claim for relief under grounds one, two, or three. Ground four is the only other possible basis on which he could claim relief. The court in Knight stated:

> The reason for so sharply limiting the availability of collateral attack for nonconstitutional, nonjurisdictional errors is that direct appeal provides criminal defendants with a regular and orderly avenue for correcting such errors. The Supreme Court has repeatedly emphasized that § 2255 is not a substitute for direct appeal. See e.g., United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982); Addonizio, 442 at 184-85, 99 S.Ct. at 2239-40; Sunal v. Large, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590-91, 92 L.Ed. 1982 (1947).

Id. at 772.

The petitioner is using § 2255 as a substitute for a direct appeal from the fine imposed. He does not present exceptional circumstances which would justify relief under § 2255. Therefore, the petition must be dismissed.

Based on the foregoing, the petition is dismissed with prejudice.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

February 26, 1996

cc: Larry C. Finley, pro se
    U.S. Attorney

3