STAPLETON, Circuit Judge,
Dissenting:
On January 13, 1993, Barry pled guilty to violating his probation by failing to pay an $85,000 fine. The court then entered an order providing as follows:
The defendant shall serve five' hundred (500) hours of Community Service: upon completion of this sentence the $85,000.00 Fine previously imposed shall be forgiven. If this Sentence is not completed, the Fine shall be reinstated.
App. at 123. Barry’s term of probation ended one month later on February 1, 1993.
Barry filed his petition initiating this proceeding on July 12,1994. As of that date, he had not completed his 500 hours of community service. On August 24,1994, the Vicinage Chief Probation Officer responded to an inquiry from the New Jersey Attorney General’s Office as follows:
If I understand your inquiry correctly, you are interested -in being advised as to *166 whether or not Mr. Barry is currently under Probation supervision. He is not, but he is still obligated to perform the full five hundred hours of community service.
App. at 126.
The foregoing is the sum total of the record information concerning Barry’s status at the time he filed his petition. On this record, I would hold that he has not carried his burden of establishing the jurisdiction of the district court to entertain his petition. See Charles Alen Wright, et al., Federal Practice and Procedure, § 3522 at 63-65 (2d ed.1984).
Section 2254(a) of Title 28 of the United States Code provides:
The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
(emphasis added).
It is well settled that a person whose only obligation is to pay a criminal fine is not “in custody” for purposes of § 2254. See, e.g., United States v. Watroba, 56 F.3d 28, 29 (6th Cir.1995); United States v. Segler, 37 F.3d 1131, 1137 (5th Cir.1994); United States v. Michaud, 901 F.2d 5 (1st Cir.1990). This is true because such a person’s liberty is not currently restrained, even though there is the potential that he may be incarcerated in the future if the fine is not paid. The potential for future incarceration is insufficient to confer jurisdiction because- the person can avoid incarceration by meeting his obligation- and thus holds the “keys to the prison” in his pocket. See Dremann v. Francis, 828 F.2d 6, 7 (9th Cir.1987); Tinder v. Paula, 725 F.2d 801, 804 (1st Cir.1984).
This record does not suggest that Barry’s liberty was restrained when he filed his petition. Unlike a person on probation, he was apparently free to come and go as he wished. He was not obligated to secure the consent of a probation officer when he decided where or how he would live or what his activities would be on any given day. He had no unfulfilled sentence hanging over his head that he might be required to serve at any point. He was simply required to donate 500 hours of community service of an unspecified nature on an unspecified schedule.[1] If he should fail to meet this obligation within a reasonable period of time, his fine would be reinstated pursuant to the court’s order. In the meantime, he held the keys to the prison in his pocket.
I realize that the Supreme Court of the United States in recent decades has expanded the concept of “custody” for purposes of § 2254 beyond physical incarceration. It has never, however, held anyone to be in “custody” who enjoyed the freedom that Barry enjoyed at the time he filed his petition. In my view, he was in a position not materially different from a person whose only obligation to the state is the payment of a fine, and I would follow the well established precedent holding that such a person is not “in custody.”

. The government represents that Barry was free to choose the service he would undertake and the hours of his performance. Appellant's Brief at 24. Barry does not contest this representation.