**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dennis W. LINKER,**
**Defendant–Appellant.**

No. 89–2238.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 27, 1990.*

Decided Dec. 6, 1990.

Frances C. Hulin, Asst. U.S. Atty., Office of the United States Attorney, Danville, Ill., for plaintiff-appellee.

Stephen H. Rosen, Coral Gables, Fla., Dennis W. Linker, Boca Raton, Fla., for defendant-appellant.

Before CUDAHY, POSNER, and RIPPLE, Circuit Judges.

CUDAHY, Circuit Judge.

In 1986 Dennis W. Linker pled guilty to conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846, and to income tax evasion, in violation of 26 U.S.C. § 7201. The district judge sentenced Linker to twelve years in prison, followed by five years probation, fined him $50,000 and ordered him to keep his tax liability current and to enter a substance abuse program. Three years later, in 1989, Linker petitioned the same judge to remit the full amount of his fine. The district judge denied the petition. This appeal followed. We affirm.

Linker contends primarily that he has the right to petition for remission of his fine pursuant to 18 U.S.C. § 3573. We disagree. While former section 3573 (the one enacted by the Sentencing Reform Act of 1984) gave a defendant the opportunity to petition the court to remit a fine, the present section 3573 (the one added by the Criminal Fine Improvements Act of 1987) takes it away. Former section 3573 provided that "[a] defendant who has been sentenced to pay a fine, and who can show a good faith effort to comply with the terms of the sentence and concerning whom the circumstances no longer exist that warranted the imposition of the fine in the amount imposed or payment by the installment schedule, may at any time petition the court for a remission of all or part of the unpaid portion including interest and penalties." This section had a short life—about six weeks. It became effective on November 1, 1987, and lasted only until December 11, 1987, when the Criminal Fine Improvements Act replaced it with the present section. *See* Pub.L. No. 100–185, § 8(b), 101 Stat. 1282 (1987) (prior to 1988 amendment).

Section 3573 now provides that "[u]pon petition of the Government showing that reasonable efforts to collect a fine or as-

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and the record.

sessment are not likely to be effective, the court may, in the interests of justice, remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties." The language of this section is plain and unambiguous. By its own terms, it applies strictly to the Government, and not to defendants. The legislative history of present section 3573 is brief. It consists of a report from the House of Representatives (nothing from the Senate) and a sectional analysis in the Congressional Record. The House report merely describes the amendment, *see* H.R. 100–390, 100th Cong., 1st Sess., at 8 (1987), U.S. Code Cong. & Admin.News 1987, pp. 2137, 2144, but the sectional analysis actually states that present section 3573 replaces the former one, which is repealed, *see* 133 Cong:Rec. S15,201 (daily ed. Oct. 27, 1987).

■ In light of the repeal of former section 3573, it seems incongruous to find a statement in the Congressional Record to the effect that a defendant still has the right to petition for remission. The statement appears in the sectional analysis accompanying the Minor and Technical Criminal Law Amendments Act of 1988, *see* Pub.L. No. 100–690, § 7082(a), 102 Stat. 4407 (1988), and reads, "None of these amendments are intended to extinguish the defendant's right to petition to reduce a fine under former section 3573 with respect to fines imposed for offenses before the effective date of the [Criminal Fine Improvements Act]." 134 Cong.Rec. S17,360 (daily ed. Nov. 10, 1988). The inclusion of this statement suggests that Congress may have intended to preserve a defendant's power to petition for remission. Yet in the absence of some sort of savings clause, we do not see how the provisions of former section 3573 could survive their repeal. That being the case, it appears that Linker has no right to request a remission under present section 3573. Although he had such a right under the version of Fed.R. Crim.P. 35(b) applicable to his offenses, *see* *United States v. Goot*, 894 F.2d 231, 238–39 & n. 13 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 45, 112 L.Ed.2d 22 (1990), he lost that right when he was too late in the asking.

Linker makes much of the last sentence contained in present section 3573, which was part of the Minor and Technical Criminal Law Amendments Act, and which states, "[t]his section shall apply to all fines and assessments irrespective of the date of imposition." Linker seizes upon this sentence to argue his entitlement to a remission. The Government concedes that the wording appears to apply to Linker's fine, but insists that "in reality" it does not. We conclude that a fair construction of section 3573 would permit the Government to petition for remission of Linker's fine. The section-by-section analysis in the Congressional Record is consistent with such a construction. It states that the 1988 amendment to section 3573

> is necessary to make clear that certain provisions of the Criminal Fine Improvements Act of 1987 (CFIA) are intended to apply both retrospectively. The CFIA created procedures that permit United States Attorneys to eliminate or reduce old outstanding fines and penalty assessments that are uncollectible. The CFIA, however, did not make clear that those procedures may be applied to fines and assessments that were imposed before the CFIA's effective date. [The amendment to section 3573] allows the government to petition for a court order to reduce or remit uncollectible pre-CFIA fines or special assessments.

134 Cong.Rec. S17,372 (daily ed. Nov. 10, 1988).

■ Linker also contends that his fine is inappropriate under the factors set forth in 18 U.S.C. § 3572. We again disagree. Section 3572 is part of the Sentencing Reform Act of 1984. That Act was held inapplicable to defendants whose offenses were committed prior to November 1, 1987. *See* *United States v. Stewart*, 865 F.2d 115, 118 (7th Cir.1988). Since Linker committed his offenses between 1978 and 1982, well before the November 1, 1987 effective date, the Act does not apply to him. He therefore cannot lay claim to section 3572. Linker's equal protection argument is nothing more than a repackaging of his assertion that the provisions of section 3572

apply retroactively. *See United States v. George*, 891 F.2d 140, 145 (7th Cir.1989). We reject this argument on the basis of our holding in *Stewart*.

AFFIRMED.