**UNITED STATES of America**

v.

**Robert SCHILLING, Jr.**

**Crim. A. No. 84–53–1.**

United States District Court,
E.D. Pennsylvania.

Oct. 21, 1992.

Virginia R. Powel, Asst. U.S. Atty., Philadelphia, PA, for U.S.

Daniel K. McCarthy, Allentown, PA, for Schilling.

## FINDINGS OF FACT, DISCUSSION, CONCLUSIONS OF LAW, AND ORDER

HUYETT, District Judge.

### I. Findings of Fact

1. A grand jury of the United States District Court for the Eastern District of Pennsylvania delivered an eleven count indictment against Defendant Robert Schilling, Jr. charging him with aiding and abetting the receipt of money by a bank officer for procuring loans and aiding and abetting a misapplication of funds by a bank officer in violation of 18 U.S.C. §§ 2, 215, and 656.

2. On May 21, 1984 Defendant pleaded guilty to five counts and the Court dismissed six counts. The Court sentenced Defendant to four years of incarceration and $25,000 in fines plus five years probation. Defendant reported to prison on May 31, 1984 and was released on February 6, 1987.

3. Defendant's parole terminated on December 2, 1987 at which time his probation period commenced. Probation will expire on November 30, 1992.

4. On February 10, 1992 Defendant sent the Court a letter in which he requested that the Court reduce his fine from $25,000 to $2,500. He claimed, in summary, an inability to pay the fine.

5. This Court treated Defendant's letter as a *pro se* motion for remission of the criminal fine and requested the comments of the United States Attorney for the Eastern District of Pennsylvania and the United States Probation Office for the Eastern District of Pennsylvania.

6. The Probation Office recommended that the Court reduce the fine to $2,500. The United States Attorney opposed the recommendation and Defendant's motion.

7. On August 25, 1992 the Court held an evidentiary hearing on Defendant's *pro se* motion. Joshua Santana, Probation Officer, and Defendant testified. The Court admitted Government Exhibits 1 through 9 into evidence.

8. Defendant is 57 years old and currently resides at 1917 Duffield Court, Allentown, Pennsylvania, 18103. Defendant is married and has three sons. Defendant is currently employed as a partner of Progressive Business Brokers located in Allentown, Pennsylvania. His wife, Catherine, is employed at P. Flemming Transworld Temporaries, located in Allentown, Pennsylvania, as an accounting coordinator. She also is employed by Bach & Company, located in Emmaus, Pennsylvania, as a sales representative. Defendant's oldest

son, Robert, is 32 years old and is mentally retarded. He does not live in Defendant's household. Defendant's son John, age 21, is a sophomore at Arizona State University where he studies aerospace engineering. Defendant's youngest son, Matthew, is 16 years old. Defendant's mother, age 78, lives with Defendant and his wife. She suffers from osteoporosis.

9. Mr. Santana testified that Defendant has made the following payments on his fine since being released from prison:

**1987**

| | | |
|---|---|---|
| 7/13/87 | $ 50 | |
| 8/10/87 | 50 | |
| 9/15/87 | 50 | |
| 10/7/87 | 75 | |
| 11/13/87 | 75 | |
| 12/9/87 | 75 | |
| | | $ 375 |

**1988**

| | | |
|---|---|---|
| 1/12/88 | $ 75 | |
| 2/8/88 | 75 | |
| 3/8/88 | 75 | |
| 4/12/88 | 75 | |
| 5/19/88 | 100 | |
| 6/22/88 | 100 | |
| 7/12/88 | 100 | |
| 8/11/88 | 100 | |
| 9/14/88 | 100 | |
| 10/14/88 | 100 | |
| 11/7/88 | 100 | |
| 12/13/88 | 100 | |
| | | $1,100 |

**1989**

| | | |
|---|---|---|
| 1/18/89 | $100 | |
| 5/15/89 | 25 | |
| 6/9/89 | 25 | |
| 8/3/89 | 25 | |
| 9/8/89 | 25 | |
| 10/12/89 | 25 | |
| 11/21/89 | 25 | |
| 12/21/89 | 25 | |
| | | $ 275 |

**1990**

| | | |
|---|---|---|
| 1/9/90 | $ 25 | |
| 2/23/90 | 25 | |
| 3/22/90 | 25 | |
| 4/11/90 | 25 | |
| 5/31/90 | 25 | |
| 6/4/90 | 25 | |
| 6/21/90 | 25 | |
| 9/14/90 | 25 | |
| 10/18/90 | 25 | |
| 11/16/90 | 25 | |
| 12/21/90 | 25 | |
| | | $ 275 |

**1991**

| | | |
|---|---|---|
| 1/17/91 | $ 25 | |
| 2/20/91 | 25 | |
| 3/25/91 | 25 | |
| 4/22/91 | 25 | |
| 5/21/91 | 25 | |
| 6/28/91 | 25 | |
| 7/17/91 | 25 | |
| 10/23/91 | 25 | |
| 11/20/91 | 25 | |
| 12/9/91 | 25 | |
| | | $ 250 |

**1992**

| | | |
|---|---|---|
| 1/28/92 | $ 25 | |
| 2/20/92 | 25 | |
| | | $ 50 |

Total Paid 2/6/87 to 9/16/92: $2,325

10. A balance of $22,675 remains unpaid on Defendant's fine which Defendant has requested the Court to reduce to $2,500.

11. After his release from prison, Defendant obtained employment in March 1987 with Miles Homes, Inc. as a field supervisor. In 1987 he earned income of approximately $30,000 (based on an annual salary of $40,000).

12. Defendant worked at Miles Homes until June 1988 where he earned $19,384.72. From August 1988 to October 1988 Defendant worked at Fountain Hill Millwork where he earned $3,200. In 1988 Defendant also was employed by New Huntington Development where he earned $5,192.06, and by Boyd–Mulford Construction Co. where he earned $4,807.65. Defendant's total earnings for 1988 were $32,584.43. In 1988 Defendant also received unemployment compensation of $2,019.

13. Defendant's employment with Boyd–Mulford Construction Co. continued into 1989, but only for a short period. He earned $961 from that employment. He then joined Associated Business Brokers

where he earned commissions of $10,000 in 1989.

14. In 1990, Defendant worked for seven months with Associated Business Brokers. He then joined Progressive Business Brokers as a one-third partner. Defendant earned a total of approximately $37,000 in 1990.

15. Defendant continued as a partner of Progressive Business Brokers in 1991. He earned a total of $25,968.82 in that year.

16. Defendant continued to work for Progressive Business Brokers in 1992. As of August 1992, Defendant earned only $1,401.61. Defendant explained that partnership income has declined in 1992 because businesses are closing faster than his firm can sell them.

17. Defendant's wife has also been employed before and since Defendant's release from prison. The Court does not have data on her earnings in 1987 and 1988. In 1989, Mrs. Schilling earned $3,430.10; in 1990 $8,395.08; in 1991 $12,632.14. Mrs. Schilling earns $7.25 per hour at her job with Transworld Temporaries and $5.75 per hour at her job with Bach & Company. She will earn approximately $10,000 in 1992.

18. In October and November 1991 Defendant and his wife received federal tax refunds for tax years 1980, 1981, 1983, 1984, 1985, 1986, and 1988 totalling $33,059.12. In addition, the Schillings received interest income of $13,276.12 in 1991. The tax refunds and interest represented sums the United States Government owed to the Schillings because the Internal Revenue Service had delayed the payment of their tax refunds because of the Schillings' Chapter 11 bankruptcy filings. (Bankruptcy Nos. 81–01864T to –01868T).

19. On May 2, 1988 Defendant purchased his current residence at 1917 Duffield Court, Allentown, Pennsylvania, 18103 for $213,500. He made a cash downpayment of $60,000 and obtained a mortgage for the balance of the purchase price. The appraised value of the property on April 23, 1992 was $208,000.

20. Defendant owns two automobiles. One is a 1989 Hyundai Excel which has a fair market value of $3,200. The other is a 1991 Hyundai Excel which has a fair market value of $3,900.

21. Defendant has total assets of approximately $226,000.

22. As of April 3, 1992, Defendant had total liabilities of approximately $203,500.

23. Defendant, as of that date, owed $166,293.72 on the mortgage. Defendant testified that he was current in making his monthly mortgage payments of $1,363.75, although he may have fallen one month behind as of August 1992.

24. Defendant has no medical insurance. He owes approximately $800 in medical expenses. He spent over $1,000 in medical expenses in 1991 for his son Matthew and has medical expenses for himself, his wife, and Matthew in 1992.

25. Among his other liabilities, Defendant owes $59,320 to Bruce C. Loch for the downpayment on his property and home, $14,473.96 to Elsie Schilling for family support while he was incarcerated, and $14,356.12 in installment debt. His other liabilities are listed on Government Exhibit 2.

26. While paying only a small amount of money on his fine from 1987 to 1992, Defendant paid for his son John's tuition and expenses to attend an out of state school, remained current on his mortgage and car payments, and charged and paid off large sums of money on his credit cards. For example, from October 1991 through December 1991, Defendant made the following large payments:

| Check No. | Date | Amount | Payee |
|---|---|---|---|
| 3069 | 10/17/91 | $1,000.00 | Chase Visa |
| 3070 | 10/17/91 | 572.00 | Citibank Visa |
| 3079 | 10/21/91 | 2,011.53 | Gina Bruchob |
| 3092 | 10/28/91 | 1,481.04 | Citicorp Mortg. |
| 3129 | 11/14/91 | 1,779.86 | Chase Visa |
| 3130 | 11/14/91 | 6,900.00 | Corestates Visa |
| 3143 | 11/20/91 | 1,383.58 | Citibank Visa |
| 3281 | 12/30/91 | 1,363.75 | Citicorp Mortg. |

Checks 3129 and 3130 represent payments for his son John's tuition. Checks 3092 and 3281 represent payments for his mortgage. Defendant continues to pay many of his

debts as they come due, but has made no payments on his fine since February 1992.

27. The current fair market value of Defendant's home is $208,000. He owes approximately $166,000 on the mortgage. Thus, there exists $42,000 of equity in his residence.

28. Defendant attempted to obtain a $15,000 loan in July 1991 from Bank of Pennsylvania. The bank denied his application for credit because he had a judgment rendered against him for $25,000, he had excessive obligations in relation to income, and because he had delinquent past or present credit obligations with others.

29. Defendant is attempting to sell his home. As of the date of the hearing, he has been unsuccessful. Defendant is asking $245,000 for the home and property, but states that he is willing to negotiate. Defendant has entered into an exclusive right to sell agreement with Progressive Realty, Inc.

30. Defendant is looking for new employment daily. His expertise is in construction, but the job market in that sector is tight.

31. Defendant attends classes to obtain a real estate broker's license.

32. Defendant's current expenses greatly exceed his current income. Defendant's current expenses are approximately $3,000 per month and include, among other things, the mortgage, car loans, educational expenses, auto and homeowners insurance, and medical expenses. Defendant's income for the first eight months of 1998 averaged $175 per month and his wife's income averaged approximately $800 per month (based on estimated annual earnings of $10,000).

## II. Discussion

■ Rule 35 of the Federal Rules of Criminal Procedure, as applicable to offenses committed prior to November 1, 1987, provided in part:

**(b) Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Fed.R.Crim.P. 35(b), Rule Applicable to Offenses Committed Prior to Nov. 1, 1987, 18 U.S.C.A. (West Supp.1992). Defendant had a right to request a remission of his fine under this rule, but he lost that right by failing to file the motion within the 120 day period. As stated in *United States v. Robinson*, 457 F.2d 1319, 1319 (3d Cir.1972), "[t]he 120–day time limitation stated in Rule 35 'is jurisdictional and cannot, under any circumstances, be extended by order of the court.'" Therefore, the Court lacks the power to reduce Defendant's fine under Rule 35(b).

■ Under former section 3573 of Title 18 of the United States Code, a defendant had the opportunity to petition the district court to modify or remit a fine. 18 U.S.C.A. § 3573 (West 1985). Former section 3573 provided in part:

A defendant who has been sentenced to pay a fine, and who—

(1) can show a good faith effort to comply with the terms of the sentence and concerning whom the circumstances no longer exist that warranted the imposition of the fine in the amount imposed or payment by the installment schedule, may at any time petition the court for—

(A) an extension of the installment schedule, not to exceed two years except in case of incarceration or special circumstances; or

(B) a remission of all or part of the unpaid portion including interest and penalties.

*Id.* Congress enacted former section 3573 as part of the Sentencing Reform Act of 1984, Pub.L. No. 98–473, Title II,

§ 212(a)(2), 98 Stat.1997 (1984). That section became effective on November 1, 1987. *See* Pub.L. No. 98–473, § 235(a)(1), 98 Stat. 2032 (1984). It lasted only six weeks, however, because the Criminal Fine Improvements Act of 1987 (CFIA) repealed former section 3573 and replaced it with a new section 3573, effective December 11, 1987. *See* Pub.L. No. 100–185, § 8(a), 101 Stat. 1282 (1987); *United States v. Linker,* 920 F.2d 1 (7th Cir.1990). Current section 3573 provides in part:

Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice—

(1) remit all or part of the fine or special assessment including interest and penalties;

(2) defer payment of the fine or special assessment to a date certain or pursuant to an installment schedule; or

(3) extend a date certain or an installment schedule previously ordered . . .

This section shall apply to all fines and assessments irrespective of the date of imposition.

18 U.S.C.A. § 3573 (West Supp.1992). The Seventh Circuit in *Linker* held that the language of this section is clear and unambiguous. By its own terms, it applies strictly to the Government, and not to defendants. *Linker,* 920 F.2d at 2.

The legislative history, however, seemingly confuses the issue because a statement in the sectional analysis accompanying the Minor Technical Criminal Law Amendments Act of 1988, Pub.L. No. 100–690, § 7082(a), 102 Stat. 4407 (1988) says that "[n]one of these amendments are intended to extinguish the defendant's right to petition to reduce a fine under former section 3573 with respect to fines imposed for offenses before the effective date of the [Criminal Fine Improvements Act]." 134 Cong.Rec. S17,360 (daily ed. Nov. 10, 1988). The Seventh Circuit in *Linker* confronted the conflict between the statute and the legislative history and held that in the absence of some sort of savings clause, the provisions of former section 3573 could not survive their repeal by the CFIA. *Linker,* 920 F.2d at 2. The Court finds the reasoning of the Seventh Circuit persuasive and concludes that the CFIA repealed former section 3573 and that under current section 3573 defendants do not have the right to petition the courts to remit their criminal fines. Under current section 3573, the only the Government may petition the court to remit a fine.

▮ Finally, the Court has before it the recommendation of the Probation Office that the Court reduce Defendant's fine to $2,500. This raises the issue of whether a petition by the Probation Office is a "petition of the Government" under section 3573. The statute does not define the term "Government," but the legislative history indicates that it refers to United States Attorneys: "The CFIA created procedures that permit United States Attorneys to eliminate or reduce old outstanding fines and penalty assessments that are uncollectible." 134 Cong.Rec. S17,372 (daily ed. Nov. 10, 1988). The Court concludes that the term "Government" in section 3573 does not include the Probation Office, but rather refers to the United States Attorneys. Here, the United States Attorney did not file a motion to remit Defendant's fine, but instead, opposed the motion of Defendant and the recommendation of the Probation Office.

### III. Conclusions of Law

1. Rule 35 of the Federal Rules of Criminal Procedure as applicable to offenses committed prior to November 1, 1987 permits a defendant to move for the reduction of a fine within 120 days from sentencing or disposition of any appeal therefrom. Because the period of time for such a motion expired years ago, this Court lacks jurisdiction to reduce Defendant's fine under Rule 35.

2. The Criminal Fine Improvements Act of 1987 repealed former 18 U.S.C. § 3573. The current version of 18 U.S.C. § 3573 applies to the motion before the Court.

3. Under the current version of 18 U.S.C. § 3573, only the Government may petition this Court to remit a defendant's

fine. The Government means the United States Attorneys.

4. Because the United States Attorney has not petitioned this Court, the Court lacks the power to remit Defendant's fine. Thus, the Court denies Defendant's motion.