41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne T. BECKHAM, Defendant-Appellant.
 No. 93-2252.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1994.*
Decided Nov. 15, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In October 1991, Wayne T. Beckham was indicted on eight counts of mail and securities fraud under 18 U.S.C. Secs. 1341, 77(q)(a) & (x). Each count stemmed from a scheme to defraud investors in Beckham's business, Rainsoft Water Conditioning, that commenced in December 1983 and continued through September 1, 1987. Pursuant to a Stipulated Factual Basis, Beckham entered a guilty plea to Count Three of the indictment which charged a mailing for the purpose of executing said scheme occurring on April 1, 1987.
 
 
 2
 In June 1992, the district court sentenced Beckham to fifty-four months incarceration and upon motion of the government dismissed the remaining counts of the indictment. Beckham filed a motion to correct an illegal sentence under Federal Rule of Criminal Procedure 35(a),[1] claiming that the conduct for which he was convicted continued past November 1, 1987 and should be covered by the Federal Sentencing Guidelines. The district court denied this motion finding the scheme charged in the indictment and the charge to which Beckham pled guilty preceded November 1, 1987, the effective date of the Guidelines. Beckham appeals this decision.
 
 
 3
 On appeal, Beckham maintains that his crime was continuous in nature and extended after November 1, 1987. Beckham argues that since the Stipulated Factual Basis and Pre-Sentence Report refer to events occurring "in 1987" and "through 1987" he was therefore convicted and sentenced for conduct that continued past the November 1, 1987 effective date of the Sentencing Reform Act.
 
 
 4
 This argument is meritless. Beckham was charged with a scheme to defraud investors that spanned from December 1983 until September 1, 1987 and specifically entered a guilty plea to Count Three of the indictment which charged him with executing a mailing in furtherance of this scheme on April 1, 1987. The Guidelines do not apply to offenses that occurred prior to November 1, 1987. United States v. Stewart, 865 F.2d 115, 116 (7th Cir1988) ("Congress' clear intent was that the [Sentencing Reform Act] would not apply to sentencing for offenses committed prior to [the] November 1, 1987 effective date"); United States v. Linker, 920 F.2d 1, 2 (7th Cir.1990). See also United States v. Roberts, 22 F.3d 744, 750 (7th Cir.1994) (holding that sentencing determinations are based on the factual basis of the charge to which the defendant pleads guilty). Even if Beckham could establish that he acted in furtherance of his scheme to defraud investors after November 1, 1987, he was charged with, and pled guilty to, a single act of mail fraud under 18 U.S.C. Sec. 1341 that occurred on April 1, 1987. The Guidelines, therefore, do not apply.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The version of the Federal Rules of Criminal Procedure 35(a) applicable to offenses committed prior to November 1, 1987 provides in pertinent part: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." 18 U.S.C. Sec. 35(a) (1986), amended by 18 U.S.C. Sec. 35(a-c) (1987)