IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40754
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANGEL GOMEZ-CAVAZOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-88-CR-235-3
--------------------
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Angel Gomez-Cavazos ("Gomez"), a federal prisoner (# 44886-079), seeks leave to proceed in forma pauperis ("IFP") on appeal of the denial of his "Motion for Dismissal of Fine."

Gomez's "Motion for Dismissal of Fine" is an "unauthorized" motion over which the district court did not have jurisdiction. See United States v. Early, 27 F.3d 140, 141-42 (5th Cir. 1994). Although a fine imposed as part of sentence could be remitted under either 18 U.S.C. § 3573 or FED. R. CRIM. P. 35(b), only the Government is authorized to file motions under those provisions.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See id. at 141; United States v. Linker, 920 F.2d 1, 1-2 (7th Cir. 1990).  A monetary fine is not a sufficient restraint on liberty to meet the "in custody" requirement for motions to vacate filed under 28 U.S.C. § 2255.  United States v. Segler, 37 F.3d 1131, 1137 (5th Cir. 1994).  Finally, Gomez's motion may not be construed as a § 2241 motion because he is attacking the imposition of part of his sentence rather than its execution.  See Davis v. Fechtel, 150 F.3d 486, 487 (5th Cir. 1998).

Because Gomez has not demonstrated that he will raise a nonfrivolous issue on appeal, his motion to proceed IFP is DENIED.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.