[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1520

UNITED STATES,

Appellee,

v.

JESUS MIRANDA-GONZALEZ,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, U.S. District Judge]

---

Before

Selya, Lynch and Lipez,
Circuit Judges.

---

Jesus Miranda-Gonzalez on brief pro se.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, on brief for appellee.

---

December 21, 2000

---

**Per Curiam**. Pro se appellant Jesus Miranda-Gonzalez appeals a district court order that denied his motion for reconsideration of an order that denied his motion to vacate a $5000 fine that appellant must pay as a sanction for distributing cocaine. See Miranda-Gonzalez v. United States, 181 F.3d 164, 165 (1st Cir. 1999). Having thoroughly reviewed the record and the parties' briefs on appeal, we conclude that the district court lacked jurisdiction to consider appellant's motions. Contrary to appellant's contentions on appeal, 18 U.S.C. § 3742 provided no basis for jurisdiction, for this statute only authorizes review of a sentence on direct appeal. Appellant failed to take such an appeal following his 1993 conviction, and he cannot attack his sentence under 18 U.S.C. § 3742 at this late stage. Similarly, neither 28 U.S.C. § 2255 nor 18 U.S.C. § 3573 provide an avenue for relief. See, e.g., United States v. Merric, 166 F.3d 406, 412 (1st Cir. 1999); Smullen v. United States, 94 F.3d 20, 25-26 (1st Cir. 1996); United States v. Linker, 920 F.2d 1, 1-2 (7th Cir. 1990); United States v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990). And since appellant committed the underlying drug offense long after November 1, 1987, he may not seek to revise his

-2-

sentence under the former Fed. R. Crim. P. 35. The present version of this rule also provides appellant no relief.

In view of the foregoing, the district court's order denying appellant's motion for reconsideration is <u>vacated</u> and the court is directed to dismiss the motion for lack of jurisdiction. <u>See</u> Local Rule 27(c).