UNITED STATES of America, Plaintiff–Appellee,

v.

James V. MAYS, Defendant–Appellant.

No. 00–6039.

United States Court of Appeals, Sixth Circuit.

June 8, 2001.

Before RALPH B. GUY, JR., BOGGS, and GILMAN, Circuit Judges.

*ORDER*

Pro se federal prisoner James V. Mays appeals a district court order that denied a motion in which he sought the rescission of a fine he received as part of his criminal sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

As part of his criminal sentence, Mays received a $100,000 fine. This court affirmed Mays's conviction and sentence on direct appeal. *United States v. Mays,* 77 F.3d 906, 909 (6th Cir.1996). In his direct appeal, Mays did not challenge the fine imposed. *Cf. United States v. Torres,* 209 F.3d 308, 313 (3d Cir.2000) (concerning the defendant's burden in challenging a fine on direct appeal).

On July 17, 2000, Mays filed an original action in the district court for the recission of the fine. The district court denied the motion as unauthorized, and this appeal followed.

The district court did not err. Mays claimed that the fine violated his due process rights because it was conditioned on his receipt of proceeds from a bankruptcy proceeding, and he received nothing. Mays incorrectly assumed that the district court was authorized to modify the fine on his motion. Title 18 U.S.C. § 3573, provides that the government may petition for the recission of a fine. By its own terms, § 3573 applies strictly to the government and not to defendants. *United States v. Linker,* 920 F.2d 1, 2 (7th Cir.1990). Section 3573 "severely hampers the court's ability to leave itself a safety valve" because the court does not have the authority to modify the fine in the future based on new information. *United States v. Seale,* 20 F.3d 1279, 1286, n. 8 (3d Cir.1994).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.