UNITED STATES of America,
Plaintiff–Appellee,

v.

Walter R. COBB, Defendant–Appellant.

No. 00–4151.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 25, 2002.*

Decided March 4, 2002.

Before CUDAHY, ROVNER and EVANS, Circuit Judges.

## ORDER

In November 2000 Walter Cobb, who since 1996 has been serving a 188-month sentence for conspiring to possess cocaine base with intent to distribute, 21 U.S.C. §§ 841(a)(1), 846, filed a "Motion to Modify or Remit" the $1500 fine imposed as part of his sentence. Cobb asserted that the district court had ordered the fine paid in installments of unspecified amounts through the Inmate Financial Responsibility Program (IFRP), 28 C.F.R. §§ 545.10–.11, and thus "delegated" to the Bureau of Prisons the authority to determine the amount of the payments. Cobb asked that the court set a payment schedule or, in the alternative, remit the remainder of the fine based on Cobb's indigence. The district court denied the motion without explanation, and Cobb appeals.

Contrary to Cobb's assertions, nothing in the record suggests that he was

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

ordered to pay his fine in installments—through the IFRP or otherwise. Rather, the judgment reflects that Cobb was fined $1500 due "in full immediately." Sentencing courts must decide the amount of fines and restitution the defendant owes and the extent to which payment may be deferred; neither determination may be delegated to another entity. *See, e.g., United States v. Pandiello*, 184 F.3d 682, 688 (7th Cir. 1999); *United States v. Ahmad*, 2 F.3d 245, 248–49 (7th Cir.1993). Cobb's judgment does both, because it specifies both the amount ($1500) and when it must be paid ("immediately"). The absence of a court-prescribed "payment schedule" from a judgment does not necessarily present a delegation problem, because such schedules are required only when the judgment explicitly permits the defendant to pay the fine in installments. *See McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir.1999) (no payment schedule required where fine ordered due in full immediately); *Pandiello*, 184 F.3d at 688 (order to pay restitution in "equal monthly installments" through IFRP was improper delegation because court failed to specify "how much must be paid monthly"); *United States v. Sung*, 51 F.3d 92, 94 (7th Cir.1995) ("when a court *permits* the defendant to make restitution by installments, the judge must specify the schedule") (emphasis added). Cobb's unilateral decision to *pay* his fine in installments did not transform his judgment to one that *permits* installment payments, and thus did not require the court to set a "payment schedule." *See McGhee*, 166 F.3d at 886 (defendant's payment of fine in installments under IFRP did not require court to establish payment schedule because fine had been ordered due in full immediately); *Ahmad*, 2 F.3d at 249 (in criminal restitution as in civil judgments, debtors might pay incrementally "even though the court has not said a word about installments").

■ Because Cobb's fine was due in a lump sum, he has no basis for seeking remission. A former version of 18 U.S.C. § 3573 that allowed defendants to petition for remission is no longer in effect, *see, e.g., United States v. Kadonsky*, 242 F.3d 516, 520 (3d Cir.2001); *United States v. Linker*, 920 F.2d 1 (7th Cir.1990), and though a statutory provision governing *restitution* orders permits "adjustment" of "payment schedules" based on a "material change in the defendant's economic circumstances," *see* 18 U.S.C. § 3664(k), the parallel provision concerning fines allows adjustments only where the original judgment "permits payments in installments," *see* 18 U.S.C. § 3572(d)(3). Current federal law simply provides defendants in Cobb's position no opportunity to seek reduction of a fine. *See Kadonsky*, 242 F.3d at 520; *Linker*, 920 F.2d at 1–2. Cobb's only hope for modification or remission of his fine is a petition filed by the government under 18 U.S.C. § 3573. *See* 18 U.S.C. § 3573 (court may remit fine or defer payments in the interest of justice "upon petition of the government"). Because the government did not file a petition in Cobb's case, his motion was properly denied. *See Linker*, 920 F.2d 1.

AFFIRMED.