Raymond **THROWER,** Petitioner–
Appellant,

v.

**CITY OF AKRON; Akron Health
Department,** Respondents–
Appellees.

No. 02–3163.

United States Court of Appeals,
Sixth Circuit.

July 29, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

## ORDER

Raymond Thrower, an Ohio resident proceeding pro se, appeals the district court order dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Thrower pleaded no contest to housing code violations. He was required to pay a fine and repair his property. He was not incarcerated. Thrower appealed the conviction and sought review by the Housing Appeals Board. He was denied relief at all levels. Thrower filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in October, 2001, naming the City of Akron, Ohio, and the Akron Health Department as respondents. He claimed that, as a result of his no contest plea, he is subject to future fines and inspection fees of a draconian nature. The district court summarily dismissed the petition under Rule 4 of the Rules Governing Section 2254 Cases, holding that Thrower had not satisfied the "in custody" requirement of a habeas petition. The court also denied Thrower's motion for reconsideration.

In his timely appeal, Thrower argues that: (1) the district court should have granted a certificate of appealability; (2) the district court erred by dismissing the petition before it was served; and (3) the district court should have construed the petition as requesting a writ of error coram nobis.

This court reviews de novo a district court's legal conclusions in habeas corpus actions and reviews its factual findings for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999).

Upon review, we affirm the district court's order for the reasons stated by the district court. An applicant for habeas corpus relief must be "in custody" when the § 2254 petition is filed in order to vest the district court with jurisdiction over his petition. 28 U.S.C. § 2254(a); *Garlotte v. Fordice,* 515 U.S. 39, 43–44, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995); *Maleng v. Cook,* 490 U.S. 488, 490–92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). A monetary fine is not a sufficient restraint on liberty to meet the "in custody" requirement. *See Lillios v. New Hampshire,* 788 F.2d 60, 61 (1st Cir.1986). Nor does potential future incarceration for failure to pay such a fine provide the requisite subject matter jurisdiction. *See Dremann v. Francis,* 828 F.2d 6, 7 (9th Cir.1987). Accordingly, the district court properly held that it lacked jurisdiction over Thrower's petition.

Thrower's arguments on appeal are without merit. First, the issue of a certificate of appealability is moot because we are deciding the appeal on the merits. Second, the district court properly denied the petition before it was served because "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases. Finally, the district court did not err by failing to construe Thrower's petition as a petition for a writ of error coram nobis because Thrower did not claim an error of fact that would have altered the outcome of his prosecution for housing code violations. *See United States v. Johnson,* 237 F.3d 751, 755 (6th Cir. 2001).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.