UNITED STATES of America,
Plaintiff–Appellee,

v.

James V. MAYS, Defendant–Appellee.

No. 02–5929.

United States Court of Appeals,
Sixth Circuit.

May 28, 2003.

See also 77 F.3d 906.

Before: RYAN and BATCHELDER, Circuit Judges; and TARNOW, District Judge.*

*ORDER*

This is a direct appeal from a judgment denying a post-judgment motion to reduce or rescind a fine levied in a criminal judgment and commitment order. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, James V. Mays was convicted by jury of twenty-eight separate counts stemming from his role in a scheme to manufacture and sell adulterated orange juice. The district court sentenced Mays to a 104 month term of imprisonment and a fine of $100,000. A panel of this court affirmed the conviction on direct appeal. *United States v. Mays,* 77 F.3d 906 (6th Cir.1996). On April 29, 2002, Mays filed a one-page motion in which he asked for "releaf [sic] on the $100,000 fine." The district court entered a summary order denying Mays's motion and this appeal followed.

Mays was given a term of imprisonment and a monetary fine in the amount of $100,000 following his criminal conviction. Mays did not contest any aspect of the monetary fine on direct appeal. Instead, Mays first sought recision of the fine in a motion to vacate sentence filed under 28 U.S.C. § 2255 in 1997. The district court

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

denied all issues, including the claim that the fine was in excess of the amount authorized under the guidelines, on the basis of procedural default. Neither the district court nor the Sixth Circuit issued a certificate of appealability for any of the § 2255 claims. In 2000, Mays again attempted to obtain district court recision of the fine in an original action with an unarticulated jurisdictional basis. The district court denied the motion and a panel of this court affirmed the decision on appeal. *United States v. Mays,* 13 Fed.Appx. 283 (6th Cir.2001) (order).

Mays filed the motion underlying this appeal in 2002 after he apparently served out his term of imprisonment. The body of the two-paragraph motion reads as follows:

> I am filing for releaf [sic] on the $100,000 fine May 6th, 1994, under our Bill of Rights, the VIII Amendment, as it states very plain, excessive bail shall not be required, nor excessive fine imposed, nor cruel and unusual punishment inflicted.
>
> Living on Social Security, over 70 years old, in bad health, need I say more?

The government responded and the district court denied the motion in a four-line order with no citation to authority. Mays takes issue with the judgment in its entirety.

Counsel for the government suggests on appeal that, regardless of the procedural vehicle Mays may have been trying to utilize in presenting his motion, the district court had no subject matter jurisdiction over the matter. This is correct. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 provides a means of relief for a federal prisoner who seeks release from a sentence of incarceration. One contesting the imposition of a monetary fine does not meet the "in custody" requirement of § 2255, even if the movant

(unlike Mays) was actually incarcerated at the time. *United States v. Watroba,* 56 F.3d 28, 29 (6th Cir.1995). The general writ of habeas corpus, 28 U.S.C. § 2241, is also unavailable for the purpose of challenging the propriety of a fine. The essential purpose of the writ of habeas corpus is to free individuals from wrongful restraints upon their liberty. *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). As noted above, Mays is not claiming that he is being illegally restrained. Finally, as this court informed Mays in a prior appeal, the statutory authorization for the *government* to petition for recission of a fine, 18 U.S.C. § 3573, is not available to a defendant. *See Mays,* 13 Fed.Appx. at 283. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.