NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0866n.06

Nos. 11-2446/2447

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 08, 2012*

LEONARD GREEN, Clerk

DOLORES MICHAELS; RONALD
MICHAELS,

    Petitioners-Appellants,

v.

MARK HACKEL, Macomb County Sheriff,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE: BOGGS, GILMAN, and DONALD, Circuit Judges.

PER CURIAM. Dolores and Ronald Michaels, wife and husband, appeal a district court judgment dismissing their petitions for writs of habeas corpus, filed pursuant to 28 U.S.C. § 2254.

Petitioners entered into a consent agreement in 2004 to remove a composting operation from their farm. In 2008, a state court judge visited the farm and determined that petitioners had not complied with the consent judgment. Petitioners were found guilty of contempt and assessed a fine, as well as imprisonment for thirty days or until they complied with the consent judgment. Petitioners were incarcerated from July 22, 2008, until July 31, 2008, when the state trial court determined that substantial efforts were being made to remove the composting material from the farm, and the court released the petitioners. After exhausting state court remedies, petitioners filed for federal habeas corpus relief, arguing that they had been denied due process in the state court proceeding. The district court dismissed the petitions on the ground that petitioners were not in custody for purposes of federal habeas corpus jurisdiction.

On appeal, petitioners argue that the district court erred in concluding that they are not in custody, given that the thirty-day sentence was not fully served, they had received supervisory visits from the court following their release from jail, and that they are also challenging the fine imposed by the state court.

We review de novo questions regarding the jurisdiction of the district court; in habeas corpus proceedings, a district court has jurisdiction only if the petitioner is in custody at the time that the petition is filed. *See Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001).

Petitioners cite *Lawrence v. 48th District Court*, 560 F.3d 475, 481 (6th Cir. 2009), as authority for the proposition that a person who is released on bond while the sentence is stayed is in custody for purposes of habeas corpus. However, the possibility of future incarceration satisfies the "in custody" requirement only where it is imminent and inevitable. *Gonzales-Fuentes v. Molina*, 607 F.3d 864, 874 n.8 (1st Cir. 2010), *cert. denied,* 131 S. Ct. 1568 (2011). Here, petitioners' sentences were not merely stayed; the petitioners were released and the supervisory visits to their property have ceased. Although they argue that they could be reincarcerated if they fail to comply with the state court order, courts have found that potential future incarceration for failure to comply with a court order is insufficient to satisfy the "in custody" requirement. *Thrower v. City of Akron*, 43 F. App'x 767, 768 (6th Cir. 2002) (per curiam) (finding potential future incarceration for failure to pay fine insufficient); *Hansen v. Marr*, 594 F. Supp. 2d 1097, 1100-01 (D. Neb. 2009) (finding potential incarceration for failure to register as a sex offender insufficient) (citing *Williamson v. Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998) (same)).

Petitioners also argue that their challenge to the fine imposed by the state court is sufficient to render them "in custody" for purposes of district court jurisdiction. However, we have rejected

this argument in previous cases. *United States v. Mays*, 67 F. App'x 868, 869 (6th Cir. 2003) (per

curiam); *Thrower*, 43 F. App'x at 768; *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995).

Accordingly, we affirm the dismissal of these petitions.