[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14266
Non-Argument Calendar
_____

D.C. Docket No. 2:95-cr-00129-JHH-TMP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE CLAY MEANS,
a.k.a. Big Man,
a.k.a. Uncle Bob,
a.k.a. B-Man,
a.k.a. Clay Bird,
a.k.a. C-Man,
a.k.a. Clay,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 18, 2014)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Willie Clay Means appeals the district court's denial of his motion to expedite and rescind financial payments on the fine and special assessment imposed upon his 1996 conviction for numerous drug offenses. On appeal, he argues that: (1) the district court did not set a payment schedule for the fine in his judgment and that the Bureau of Prisons ("BOP") may not set an inmate's payment schedule; and (2) the BOP increased his payment schedule to an amount he is financially unable to meet. After careful review, we affirm.

In general, we review the district court's resolution of a question of law de novo. United States v. Noriega, 117 F.3d 1206, 1211 (11th Cir. 1997). We may affirm the district court's judgment on any basis supported by the record. Miller v. Harget, 458 F.3d 1251, 1256 (11th Cir. 2006).

The United States Code provides that a sentence imposing a fine is a final judgment, but may be (1) modified or remitted under 18 U.S.C. § 3573; (2) corrected under Federal Rule of Criminal Procedure 35; or (3) appealed under 18 U.S.C. § 3742. See 18 U.S.C. § 3572(c). The Code also provides that a fine may be remitted or modified upon motion of the government if reasonable efforts to collect the fine are unlikely to be effective, but provides no mechanism for a

defendant to seek modification or rescission.  See 18 U.S.C. § 3573; see also United States v. Linker, 920 F.2d 1, 1-2 (7th Cir. 1990) (persuasive authority).

A federal prisoner challenging the execution of his sentence must bring a claim under § 2241, not § 2255.  Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 & n.1 (11th Cir. 2008).  A § 2241 petition by a federal prisoner must be brought in the district where the inmate is incarcerated.  See Rumsfeld v. Padilla, 542 U.S. 426, 443-44 (2004).

Here, it is not clear under what basis Means brought his self-styled motion to expedite and rescind financial payments.  The thrust of Means's motion appears to be a request that the district court rescind his obligation to make further financial payments, either because the BOP has set a payment schedule that he cannot meet or because the BOP lacks the authority to set a payment schedule.  The former argument appears to be a motion for remission under § 3573, while the latter appears to be an attack on the execution of his sentence, which would properly be brought under § 2241.  However, regardless of how we construe this motion, the district court was correct to refuse to grant Means relief.

To the extent we construe Means's motion as a motion for remission under § 3573, the fine may not be remitted or modified because the government has not made such a motion.  See 18 U.S.C. § 3573; see also Linker, 920 F.2d at 1-2. Means also cannot obtain relief under Rule 35, because he did not file his motion

3

within 14 days of sentencing, Fed.R.Crim.P. 35(a), and he cannot modify the judgment through a direct appeal under § 3742, because he has already brought a direct appeal. To the extent we construe Means's motion as a collateral attack on the execution of the judgment against him under § 2241, he is currently incarcerated in Kentucky, but he filed his motion in the Northern District of Alabama. Thus, the district court would have been correct to dismiss Means's construed § 2241 petition because he failed to file the petition in the district where he is currently incarcerated. See Rumsfeld, 542 U.S. at 443-44.[1]

**AFFIRMED.**

---

[1] The government's motion to dismiss the appeal for lack of subject matter jurisdiction is **DENIED.**